UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 06-9-HRW

BEDFORD F. BOYLSTON, M.D.,                                                PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

OUR LADY OF BELLEFONTE HOSPITAL, INC.,
MARK GORDON and
EUGENE DEGIORGIO, JR., M.D.,                            DEFENDANTS.

This matter is before the Court upon the Defendants Mark Gordon and Eugene Degiorgio, Jr., M.D.'s Motion to Dismiss [Docket No. 7].[1]

This matter has been fully briefed [Docket Nos. 15 and 16] and is ripe for decision. For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim against these Defendants and, as such, all claims against them shall be dismissed with prejudice.

**FACTS:**

In March 2003, Plaintiff, a thoracic surgeon, entered into a Physician Recruitment Agreement ("Agreement") with Our Lady of Bellefonte Hospital

---

[1] Defendants Gordon and Degiorgio also filed a Renewed and Restated Motion to Dismiss [Docket No. 11] following filing of Plaintiff's Amended Complaint for the purpose of clarifying that their initial Motion to Dismiss [Docket No. 7] applies to both the Complaint as well as the Amended Complaint.

("OLBH") [Complaint, Exhibit 2]. The Agreement was signed by Plaintiff and the then-CEO of OLBH, Robert Maher.

Under the Agreement, Plaintiff agreed, *inter alia*, to maintain a medical practice with OLBH's community beginning on April 1, 2003 and continuing until April 1, 2008. Further, as part of the Agreement, OLBH extended a loan to Plaintiff in the amount of $500,000, which Plaintiff agreed to repay in 36 equal monthly installments over a specified period of time. The loan was secured by a promissory note which provides that any breach of the Agreement constitutes default of the promissory note [Complaint, Exhibit B to Exhibit 2, ¶6].

Plaintiff alleges that on January 20, 2005, he was called into active service by the United States Army Reserves and was, thus, required to close his practice and report to military service. Plaintiff states that he notified his employer, OLBH, of his call into active duty.

By letter dated January 28, 2005, Mark Gordon, the CEO of OLBH, advised Plaintiff that as he was closing his practice, he was in breach of the aforementioned Agreement and that pursuant to its terms, Plaintiff had thirty days within which to cure the breach or the agreement would be terminated [Complaint, Exhibit 3].

2

Although the record is unclear in this regard, it appears that Plaintiff did not "cure" the alleged breach and did not maintain a medical practice within OLBH's community.

On December 13, 2005, Plaintiff filed this civil action against OLBH as well as Mark Gordon and Eugene DeGiorgio, Jr., M.D., the chief of the medical staff. This matter was originally filed in Greenup Circuit Court, Greenup County, Kentucky and removed to this Court by the Defendants [Docket No. 1].

In his Complaint, Plaintiff alleges violation of the Soldiers and Sailors Relief Act, breach of contract and "attempted extortion." Plaintiff seeks to enjoin OLBH from alleging that he breached the Agreement and seeks to recover monetary damages from OLBH for loss of income, impairment to his ability to earn money with his profession, as well as other general damages

From the individual Defendants, Gordon and DeGiorgio, Plaintiff seeks compensatory and punitive damages appropriate for the attempt to extort from him sums not owing. Notably, these are the only damages sought specifically from Gordon and DeGiorgio [Complaint, pg. 11, ¶ 3].

Plaintiff subsequently filed an Amended Complaint [Docket No. 6], asserting that the hospital improperly failed to verify his affiliation with it in response to a request from Calvert Memorial Hospital. His Amended Complaint

does not assert additional claims against Defendants Gordon and DeGiorgio.

Defendants Gordon and DeGiorgio now seek dismissal of all claims brought against them by Plaintiff pursuant to Fed.R.Civ.P. 12(b)(6).

**STANDARD UNDER Fed.R.Civ.P. 12(b)(6):**

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See, Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

For purposes of dismissal pursuant to Fed. R. Civ. P 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The standard for dismissal is liberal. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Monette v. Electronic Data Systems, Corp.*, 90 F/3d 1173, 1189 (6th Cir. 1996).

Consequently, a complaint will not be dismissed unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint. Because a motion to dismiss is based solely upon the complaint, the focus is on whether the plaintiff is

4

entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See, Roth Steel Prods v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

**ANALYSIS:**

In Count One of his Complaint, Plaintiff states that he did not breach the Agreement by reporting to military service and that "the attempt to assert [the] same violates the terms of the Agreement and further is in violation of the Soldiers and Sailors Civil Relief Act 50 U.S.C.S. Appx. Section 501 et seq." [Complaint, ¶ 12]. Even if Plaintiff's allegation could be construed as asserting a claim against Defendants Gordon and Degiorgio, the Soldiers and Sailors Civil Relief Act does not create a cause of action with regard to one's contractual obligations.

In his Complaint, Plaintiff refers to the provision of the Act which provides that the period of active military service is to be excluded in computing the period of limitations for the bringing of any action by or against a member of the armed forces. 50 U.S.C.A. App. §525. *See also, Ray v. Porter*, 464 F.2d 452, 454 (6th Cir. 1972). However, Plaintiff offers no argument as to how the Act's tolling provision affects his claims.

It appears Plaintiff may be equally bewildered by his claim as he made no argument whatsoever in support of the same in his response to the Motion to

5

Dismiss.

The Court finds that Plaintiff has failed to state a claim for violation of the Soldiers and Sailors Civil Relief Act against Defendants Gordon and Degiorgio.

The crux of the Complaint seems to be the breach of contract claim. Yet, Plaintiff concedes that he is not asserting a breach of contract claim against Defendants Gordon and DeGiorgio, but, rather, maintains that these Defendants tortiously interfered with his contractual relations with OLBH.

Notably, Plaintiff's first utterance of the term "tortious interference with contractual relations" is in his response to the Defendants' dispositive motion. As such, the question looms large whether his claim satisfies even the liberal requirements of notice pleading. Fed.R.Civ.P. 8 provides that a claim for relief "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In other words, " ' a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir. 1988)(citations omitted). *See also,* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216 at 121-23 (1969). The Court is mindful that the purpose of notice-pleading is to afford flexibility. "A plaintiff will not be thrown out of court for failing to plead facts in support of

6

every arcane element of his claim." *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir. 1988), *citing O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). However, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Id.*

In the context of this case, pleading the essential elements of tortious interference with contractual relations would be akin to the following: (1) a contract existed; (2) Gordon and DeGiorgio were aware of the contract (3) Gordon and DeGiorgio intended to cause a breach of the contract; (4) Gordon and DeGiorgio caused a breach of the contract; (5) the breach resulted in damages; and (6) Gordon and DeGiorgio had no privilege or justification which would excuse their conduct. *See generally, Carmichael-Lynch-Nolan Advertising Agency Inc., et al. v. Bennett & Associates, Inc.*, 561 S.W.2d 99 (Ky. App. 1977) (citing with approval the Restatement of Torts 2d, Section 766).

Having reviewed the Complaint in the light most favorable to the Plaintiff, the Court finds that his "allegations" of tortious interference with contract against Defendants Gordon and Degiorgio fall far short of the standard set forth in Rule 8(a) and the requirements of notice pleading. Indeed, at best, Plaintiff has successfully plead the existence of a contract, the alleged breach of the same by

7

OLBH and damages allegedly resulting therefrom.

Even if the Court were to, somehow, find that Plaintiff's claim for tortious interference with contractual relations passes notice-pleading muster, the claim fails on the merits. In his Complaint, Plaintiff alleges that OLBH "acting by and through its officers . . . breached the Agreement" [Complaint, pg. 5, ¶ 15]. Notably, there is no allegation that a third party was involved, which is the essence of a claim for tortious interference. *See McCarthy v. KFC Corp.*, 607 F.Supp. 343, 345 (W.D. Ky. 1985)(sustaining defendants' 12(b)(6) motion for failure to state tortious interference claim where individual defendants were agents of defendant company). *See also Leary v. Daeschner*, 186 F.Supp.2d 774 (W.D. Ky. 2002). The facts alleged are utterly insufficient to maintain a claim against Defendants Gordon and Degiorgio for tortious interference with contract.

The Court now turns to Plaintiff's claim of "attempted extortion" at the hands of Defendants Gordon and Degiorgio. This is the only claim set forth in the claim which Plaintiff specifically makes against these Defendants and sole prayer for relief against these Defendants is for damages resulting from the attempted extortion [Complaint, pg. 11, ¶3]. However, as the Defendsants argue in their motion, "attempted extortion" is not a valid caise of action. There is no civil cause of action for extortion, be it of the choate or inchoate variety.

8

Nor has Plaintiff referred to any case law which would indicate the existence of such a claim. Indeed, Plaintiff has does precious little to bolster his claim for attempted extortion. In response to the Defendants' dispositive motion, he merely states, "[i]ssue could be taken with respect to the 'extortion argument' but will not at this stage." [Docket No. 15, pg. 8].

Clearly, this claim must fail.

**CONCLUSION:**

Based upon the foregoing, the Court finds that there is simply no legitimate basis for Gordon and DeGiorgio to be named as Defendants in this case.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Mark Gordon and Eugene DeGiorgio, Jr., M.D.'s Motion to Dismiss [Docket Nos. 7 and 11] be **SUSTAINED** and all claims asserted against Defendants Mark Gordon and Eugene DeGiorgio, Jr., M.D. be **DISMISSED WITH PREJUDICE**.

This 9 day of August, 2006.

*[signature]*
Henry R. Wilhoit, Jr., Senior Judge

9